# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

GERALD ALLEN WRIGHT,

    Petitioner,

v.                                                                    Case No. 5:22-cv-469-WFJ-PRL

WARDEN, FCC COLEMAN – LOW,

    Respondent.

_____/

## ORDER

Before the Court is Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Amended Petition") (Dkt. 4), together with all other submissions by Petitioner, and Respondent's Motion to Dismiss 28 U.S.C. § 2241 Petition Without Prejudice ("Motion") (Dkt. 8).  Upon careful consideration of the Amended Petition, the Motion, and the entire file, the Court concludes the motion to due to be granted.

## BACKGROUND

Mr. Wright is a federal inmate at the Federal Correctional Complex, Coleman, Florida Low security institution ("Coleman Low FCI").  Petitioner was initially sentenced to 360 months in prison with ten years' supervised release for conspiracy to possess, and possession, with intent to distribute 50 grams or more of cocaine base.  *United States v. Wright*, No. 8:03-cr-343-JSM-AAS, Dkt. 89 (M.D.

Fla. Feb. 13, 2004).  His sentence was later reduced pursuant to § 404 of the First

Step Act to 300 months in prison with eight years of supervised release.  *Wright*,

No. 8:03-cr-343-JSM-AAS, Dkts. 375, 376.

Petitioner challenges the calculation of time credits toward his sentence by

the Bureau of Prisons ("BOP") by invoking the First Step Act of 2018, as codified

in 18 U.S.C. § 3632.  He seeks to receive credit for 690 days on his sentence.  Both

parties state that his anticipated release date is August 3, 2024.  Dkt. 4 at 6; Dkt. 8-

1 ¶ 6 & at 8.  Respondent, as the Warden of Coleman Low FCI, seeks to dismiss

the Amended Petition because Petitioner has failed to exhaust his administrative

remedies.  Dkt. 8; Dkt. 8-1 ¶ 7 & at 11–21.  Mr. Wright states that "[the] only

appeal available was to BOP with no answer."  Dkt. 4 at 7.

## DISCUSSION

Although exhaustion of administrative remedies is not considered

jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to

exhaust and grant relief on the merits if the respondent properly asserts the

defense."  *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).  In

determining whether to dismiss a petition based on administrative exhaustion, the

court must follow a two-step process.  *Blevins v. FCI Hazelton Warden*, 819 F.

App'x 853, 854, 856 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077

(11th Cir. 2008)).  First, the court considers the inmate's and respondent's factual

allegations. *Blevins*, 819 F.3d at 856. If the allegations conflict, the inmate's version must be accepted as true. *Id*. The court must dismiss the petition if the inmate's allegations establish the failure to exhaust. *Id*.

The court proceeds to the second step if the inmate's allegations do not support dismissal. At this juncture, the burden rests on the respondent to prove the inmate failed to exhaust administrative remedies. *Id*. The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. After resolving the disputed issues of fact, the court decides whether the petitioner exhausted his remedies *Id*. at 857.

With respect to his time credits, Petitioner acknowledges an available appeal process with the BOP. Dkt. 4 at 7. However, he does not state what, if any, steps he took to ask for 690 days' credit, much less what transpired after an initial decision, if any, was made. Respondent certifies that Petitioner "has not filed any administrative remedies regarding the First Step Act or Earned Time Credits during his term of incarceration." Dkt. 8-1 ¶ 7. Attached to the declaration is a copy of the BOP's administrative files supporting this statement. Dkt. 8-1 at 11–21.

This record is undisputed that Mr. Wright did not exhaust his administrative remedies, and under the two-step analysis, this Court is allowed to resolve the issues at the first step. Despite this seemingly straightforward resolution,

Petitioner contends that exhausting administrative remedies would be futile.  Faced with this claim, the Court must determine whether to excuse Wright's failure to exhaust.

As to futility, Petitioner specifically contends that the BOP staff is incompetent, but that in any event, the BOP's system of awarding time credits is automated and "cannot be changed by lower-level staff."  Dkt. 1 at 6; Dkt. 4 at 2. Petitioner concludes that the outcome of an administrative appeal is therefore predetermined.  Dkt. 1 at 6.  He also argues that exhausting his remedies would take far too much time when he should have already been released.  Dkt. 1 at 6; Dkt. 4 at 2, 6.  According to Mr. Wright, his sentence properly reduced by 690 days would entitle him to immediate release based on his current projected release date of August 3, 2024.  Dkt. 1 at 3; Dkt. 4 at 2, 6; Dkt. 8-1 ¶ 6 & at 7–10.[1]

Although futility may stand as an exception to the exhaustion requirement, "there are grounds for doubt that a futility exception is available in a § 2241 petition in this circuit."  *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quotation citation omitted), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15. 2022).  Prior to

---

[1] A search for inmates on the BOP website this date shows Gerald Allen Wright's release date as August 4, 2023—an entire year earlier.  *See* https://www.bop.gov/inmateloc/  The website contains a disclaimer:  "Due to the First Step Act, sentences are being reviewed and recalculated to address pending Federal Time Credit changes. As a result, an inmate's release date may not be up-to-date. Website visitors should continue to check back periodically to see if any changes have occurred."  *Id*.

*Santiago-Lugo*, in which the exhaustion requirement was deemed not to be jurisdictional in nature, the Eleventh Circuit held that a futility exception to exhaustion does not exist.  *See McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012).  In courts that do recognize the futility exception, it applies only in extraordinary circumstances and requires the petitioner to bear "the burden of demonstrating the futility of administrative review.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*).

Mr. Wright has neither set forth extraordinary circumstances nor carried the burden of showing futility.  None of his contentions—the staff is incompetent, the lower-level employees are unable to correct errors, and too much time is involved in the administrative process—constitute any assertions out of the ordinary.  He has therefore not carried his burden.

Accordingly, Respondent's Motion (Dkt. 8) is granted.  This action is dismissed without prejudice.  The Clerk is directed to enter judgment dismissing this action and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on April 20, 2023.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of record
Petitioner, *pro se*

5